PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AIGBE AKHIGBE, *et al.*, | ) | |
| | ) | CASE NO. 5:22CV1990 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| UNIVERSITY OF AKRON, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** |
| | ) | [Resolving ECF No. 43] |

Pending before the Court is Defendant's Motion for Taxation of Costs (ECF No. 43). The matter is fully briefed. For the following reasons, the Court grants the motion.

I. **Background**

Defendant University of Akron (UA) seeks $5,077.15 in costs for the deposition transcripts of Plaintiffs and four other deponents. ECF No. 43 at PageID #: 2280. The depositions were taken for Plaintiffs Dr. Aigbe Akhigbe and Dr. Bhanu Balasubramnian's discrimination and retaliation action against UA. The Court granted UA's motion for summary judgment and entered judgment in favor of UA. *See* ECF Nos. 41 and 42.

UA relies on Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920(2). ECF No. 43 at PageID #: 2280–82. Plaintiffs argue that the Court should deny UA's motion because imposing costs would be inequitable. ECF No. 44 at PageID #: 2291. UA argues that Plaintiffs fail to overcome the presumption in favor of awarding costs to the prevailing party. ECF No. 45 at PageID #: 2303.

(5:22CV1990)

## II. Discussion

Fed. R. Civ. P. 54(d)(1), in relevant part, states: "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Rule 54(d) creates a "presumption in favor of awarding costs but allows denial of costs at the discretion of the trial court." *Knology, Inc. v. Insight Communications Co., L.P.*, 460 F.3d 722, 726 (6th Cir. 2006) (quoting *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001)). "An unsuccessful party has the burden of showing circumstances to overcome the presumption that favors the award of permissible costs to the prevailing party." *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 732 (6th Cir. 1986).

A court "may deny costs where it 'would be inequitable under all the circumstances in the case.'" *Arnold v. Taylor Corp*, No. 3:17 CV 1381, 2020 WL 1862875, at *1 (N.D. Ohio Feb. 24, 2020) (citing *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 2001) (additional citation omitted)). There are "several factors a losing party may put forward that may be sufficient to justify a district court in overcoming a presumption in favor of a cost award, including the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs." *Knology, Inc. v. Insight Communications Co., L.P.*, 460 F.3d 722, 728 (6th Cir. 2006). The Sixth Circuit has also provided that the size of a successful litigant's recovery and the prevailing party's ability to pay its costs are irrelevant to denying a motion for taxation. *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). A relevant factor in denying costs is the good faith or propriety of the losing party. *Id.*

2

(5:22CV1990)

### A. Plaintiffs' Indigency

As an initial matter, Plaintiffs do not argue that they are indigent.  Instead, Plaintiffs allege that they were both unemployed after the RIF and currently make "significantly less money than they were paid by the Defendant." ECF No. 44 at PageID #: 2295.  Plaintiffs are far from indigent.  Dr. Akhigbe's current salary is $118,000 per year, and Dr. Balasubramnian's salary is $150,000.  ECF No. 45 at PageID #: 2301.  There is no indication that Plaintiffs cannot pay $5,077.15.  Therefore, this factor weighs in favor of awarding costs to UA.

### B. Plaintiffs' Good Faith

Neither party disputes that Plaintiffs acted in good faith in bringing this action.  *See* ECF No. 45 at PageID #: 2303.  "Good faith without more, however, is an insufficient basis for denying costs to a prevailing party." *White & White*, 786 F.2d at 731 (citing *Coyne-Delany Co., Inc. v. Cap. Dev. Bd. of Ill.*, 717 F.2d 385, 390 (7th Cir. 1983)).

Plaintiffs argue that these costs will have a "chilling effect."  Plaintiffs argue imposing costs "will not only cost the Plaintiffs, [but] it will [also] discourage others form making this a nation of equal opportunity."  ECF No. 44 at PageID #: 2295.

This argument is not well-taken.  Plaintiffs fail to identify "any chilling effect specific to this case that would not exist in every case in which a member of a protected class sues a larger institution." *Thompson v. Ohio State University*, No. 2:12-cv-1087, 2016 WL 1625828 at *3 (S.D. Ohio Apr. 25, 2016).  If the Court found this factor to be controlling, "virtually every plaintiff who loses a Title VII case [would] have an argument against awarding costs." *Carroll v. State of Ohio Dep't of Admin. Servs.*, No. 2:10-cv-385, 2015 WL 13001322, at *3 (S.D. Ohio Jan 14, 2015).  Therefore, "being a losing plaintiff in an employment case is not in and of itself enough to seek relief from costs due to a concern of a chilling effect." *Santiago v. Meyer Tool*

3

(5:22CV1990)

*Inc.*, No. 1:19-cv-32 , 2024 WL 165694, at *8 (S.D. Ohio Apr. 17, 2024). This factor also weighs in favor of awarding costs to UA.

### C. Difficulty of Case

Plaintiffs also argue that the case was difficult and close. "The closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of the discerning the law of the case." *Freeman v. Blue Ridge Paper Products, Inc.*, 624 Fed. Appx. 934, 939 (6th Cir. 2015) (quoting *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 732–33 (6th Cir. 1986)). Resolution of a case on summary judgment under well-settled law may indicate it was neither close nor difficult. *Arnold v. Taylor Corp*, No. 3:17 CV 1381, 2020 WL 1862875, at *1 (N.D. Ohio Feb. 24, 2020).

Plaintiff does not argue that this case presented complex issues or issues of first impression. Plaintiffs, instead, argues that this case was difficult because it "involved nuanced areas of law, thousands of pages of documents and transcripts[,] and number lengthy depositions." ECF No. 44 at PageID #: 2296. While the case did involve voluminous transcripts, documents, and lengthy depositions, this case paled in comparison to other "close and difficult" cases. *See*, *e.g.*, *White & White, Inc.*, 786 F.2d at 732 ("close and difficult" case with 80 trial days, 43 witnesses, 800 exhibits, almost 15,000 pages of transcript, and a 95 page opinion). The case involved an ordinary reduction-in-force (RIF) discrimination and retaliation action. Therefore, it was not particularly close or difficult. *See also Santiago v. Meyer Tool Inc.*, No. 1:19-cv-32, 2024 WL 1656984, at *7 (S.D. Ohio Apr. 17, 2024) (finding that case "did not reach the factual or legal level of complexity of *White & White*, and it involved a relatively straightforward analysis of plaintiff's discrimination and FMLA claims and ultimately turned on

4

(5:22CV1990)

plaintiff['s] failure to meet her burden of presenting evidence creating genuine issues of fact on her claims."). Because this was not a complex or close case, this factor weighs in favor of awarding costs to UA.

### D. UA's Behavior

Plaintiffs argue that UA has already benefitted from this case. This is not a relevant factor for the Court to consider in deciding whether to award costs. Furthermore, Plaintiffs do not argue that UA has unnecessarily prolonged litigation or engaged in behavior that increased the costs in this action. Accordingly, this factor also weighs in favor of awarding costs to UA.

### E. Necessity of Depositions

28 U.S.C. § 1920(2) states that a "judge or clerk of any court of the United States may tax as costs . . . fees for printed or electronically recorded transcripts necessarily obtained for use in the case." "[T]he costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party. Necessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling." *Colosi v. Jones Lang LaSalle Americas, Inc.*, 781 F.3d 293, 295 (6th Cir. 2015) (quoting *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989)).

Plaintiffs do not challenge the necessity of the costs. The Court finds that the transcript costs and court reporter fees were reasonably necessary. The deposition transcripts were referenced in the motion for summary judgment briefs. *See* ECF No. 26; ECF No. 31; ECF No. 32. Therefore, this final factor also weighs in favor of awarding costs to UA.

(5:22CV1990)

### III. Conclusion

For the foregoing reasons, the Court grants Defendant's Motion for Taxation of Costs (ECF No. 43) is granted.  Plaintiffs are ordered to pay Defendant $5,077.15.


 IT IS SO ORDERED.


| June 28, 2024 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
|  | United States District Judge |